STEVEN L. DAY, ESQ.
Nevada Bar No. 3708
JAMES R. NANCE, ESQ.
Nevada Bar No.
DAY & NANCE
1060 Wigwam Parkway
Henderson, NV 89074
Tel (702) 309-3333
Fax (702) 309-1085
sday@daynance.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANN T. HARTMAN, | ) |
| Plaintiff, | ) CASE NO. |
| vs. | ) |
| RICHARD LEWIS, FINANCIAL INDEPENDENCE GROUP, LPL FINANCIAL, LLC, and DOES I through X, inclusive, | ) |
| | ) **Jury Demanded** |
| Defendants. | ) |

## COMPLAINT

Comes now Plaintiff ANN HARTMAN, by and through her attorneys of record, DAY & NANCE, and complains and alleges as follows:

## JURISDICTION

1. This court has jurisdiction over this case and the venue is proper under §10b of the Securities Exchange Act of 1934 [15 U.S.C.A. § 78j(b)], Securities and Exchange Commission Rule 10b-5 [17 C.F.R. § 240.10b-5] and common-law fraud, breach of

W:\Master\690713\Complaint.wpd

contract, to recover damages for Defendants' excessive trading or churning in Plaintiff's IRA securities account.

## PARTIES

2. Plaintiff ANN T. HARTMAN is a resident of the State of Nevada.

3. Defendant RICHARD LEWIS is a resident of the State of Nevada, and, at all relevant times, was working as a financial adviser and/or account executive for Defendants FINANCIAL INDEPENDENCE GROUP, LPL FINANCIAL, LLC, and/or certain DOE Defendants.

4. Defendant FINANCIAL INDEPENDENCE GROUP is a Nevada corporation licensed and doing business in Clark County, Nevada, and is an LPL FINANCIAL, LLC, financial advisor.

5. Upon information and belief, LPL FINANCIAL, LLC, is a Massachusetts limited liability company licensed and doing business in the State of Nevada offering, among other things, financial planning for customers similarly situated to Plaintiff.

4. That the true names or capacities, whether individual, corporate, associate, or otherwise of Defendants Does I through X, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE are responsible in some manner for the churning of Plaintiff's LPL Financial IRA account; that Plaintiff will ask leave of this court to amend this Complaint to insert the true names and capacities of said Defendants DOES I through X, inclusive, when same have been ascertained by Plaintiff, together with appropriate charging allegations and to join such Defendants in this action.

5. At all relevant times, Defendants were the employers, masters, and/or

principals of DOES I through X and employed said agents, employees, and servants to maintain and operate said business in a professional and non-negligent manner.

6.      At all relevant times, DOES I through X, inclusive, were the agents, employees, and/or servants of Defendants, and were at all relevant times acting within the scope and/or performance of said agency, master/servant, and/or employment relationship.

## GENERAL ALLEGATIONS

7.      On or about February of 2012, Plaintiff opened an IRA account with LPL Financial through account executive Richard Lewis who was employed with Financial Independence Group.

8.      That monies were transferred to the LPL Financial IRA account from an account with another Broker/Dealer.

9.      That between February, 2012 and July, 2013, Defendants induced activity in Plaintiff's account which was excessive in volume and frequency in light of Plaintiff's investment and investment objectives for the purpose of obtaining commissions.

10.     That Defendant RICHARD LEWIS specifically explained to the Plaintiff on or about the time the LPL Financial IRA account was opened that he was putting Plaintiff's monies in a safe fund and that if any trades were done in the fund the fund would pay all the commissions. The Plaintiff explained to Defendant Lewis that she was not a sophisticated investor and that she did not spend a lot of time going through every statement.

11.     That the Plaintiff would see Defendant Lewis at the Anthem Country Club several times a week wherein Defendant Lewis assured the Plaintiff that her IRA was doing great.

12. That at no time did Defendant Lewis explain to the Plaintiff that he was excessively trading in her account, that he was doing unauthorized trades, that she was paying large commissions each month or that the value of her account had fallen dramatically.

13. That at the time of the excessive trading in Plaintiff's LPL account, Defendants did not inform Plaintiff that the trades were being made or obtain authorization from the Plaintiff to trade in her account.

## FIRST CAUSE OF ACTION

## (Securities Exchange Act of 1934, § 10(b), 15 U.S.C.A. § 78j(b))

14. Plaintiff incorporates by reference all previous allegations set forth above as if more fully set forth herein.

15. That the trades being made by Defendants in Plaintiff's account were for securities not suitable for Plaintiff's stated investment objectives.

16. That at no time did Defendants communicate with the Plaintiff prior to making the excessive trades.

17. That at no time did Plaintiff authorize Defendants to trade in her account without obtaining her consent.

18. That Defendants were in a position to exercise control over the volume and frequency of trading in Plaintiff's IRA account.

19. That the Plaintiff, being an unsophisticated investor, relied upon Defendants with respect to their initial recommendation and the general handling of her account so that Defendants were placed in de facto control over the volume and frequency of trading in Plaintiff's IRA account.

20. That Defendants obtained control over Plaintiff's IRA account by misrepresenting their expertise in the market, misrepresenting the present status and condition of Plaintiff's IRA account and failing to communicate with the Plaintiff about the trading taking place in her account.

21. That Defendants are jointly and severally liable with and to the same extent as Defendant RICHARD LEWIS to Plaintiff, Defendants FINANCIAL INDEPENDENCE GROUP and LPL FINANCIAL, LLC, having control of Defendant RICHARD LEWIS within the meaning of § 20(a) of the Securities Exchange Act of 1934 [15 U.S.C.A. § 78(t)(a)] and general principals of agency.

22. Defendants acted with the intent to defraud Plaintiff, or with such willful and reckless disregard for the interests of Plaintiff as to be tantamount to an intent to defraud Plaintiff.

23. As a direct and proximate result of Defendants' unlawful excessive trading or churning in Plaintiff's account, Plaintiff sustained damages from losses on commissions earned in excess of $10,000.00 and from a loss in value of Plaintiff's portfolio in excess of $10,000.00.

24. Defendants are jointly and severally liable to Plaintiff for exemplary or punitive damages in an amount in excess of $10,000.00 for Defendants' excessive trading or churning in Plaintiff's account, Defendants having acted unlawfully, fraudulently, with a conscious disregard of Plaintiff's rights, and with full knowledge of the consequences of their conduct and the damage being caused to Plaintiff.

25. Plaintiff has had to secure the services of legal counsel in order to prosecute this action and, therefore, are entitled to receive reasonable attorney's fees and costs from Defendants.

## SECOND CAUSE OF ACTION
### (Fraud)

26. Plaintiff incorporates by reference all previous allegations set forth above as if more fully set forth herein.

27. Defendants made false representations of material fact regarding:

   a. Plaintiff's monies would be invested in a safe fund and if any trades were done, the fund paid all commissions; and

   b. Plaintiff's fund was doing well.

28. The Defendants made these false representations with full knowledge that they were false.

29. That Defendants accepted and benefitted from the purchase and sale of the fund in Plaintiff's account and the subsequent churning of her account.

30. That Defendants made false representations with the intention to induce Plaintiff to open an account and rely upon Defendant Lewis' statements that everything was going well.

31. That Plaintiff relied upon the representations of Defendants.

32. Due to Defendants' fraud, Plaintiff has suffered damages in excess of $10,000.00.

33. Plaintiff has had to secure the services of legal counsel in order to prosecute this action and, therefore, are entitled to receive reasonable attorney's fees and costs from Defendants.

34. Defendants' conduct described herein was intended to cause injury to Plaintiff and/or was conduct carried on by Defendants with a willful and conscious disregard of Plaintiff's rights and constitutes malice, oppression, or fraud pursuant to NRS 42.005, thereby entitling Plaintiff to punitive and/or exemplary damages in an

amount appropriate to punish or set an example of Defendants.

35.  Plaintiff has had to secure the services of legal counsel in order to prosecute this action and, therefore, are entitled to receive reasonable attorney's fees and costs from Defendants.

### THIRD CAUSE OF ACTION
### (Conversion)

36.  Plaintiff incorporates by reference all previous allegations set forth above as if more fully set forth herein.

37.  In justifiable reliance upon the representations, warranties and promises made by Defendants, Plaintiff opened an account with Defendants and rolled her IRA into that account.

38.  That Defendants churned Plaintiff's account with the intent of generating excessive commissions.

39.  As a result of the Defendants' conduct, Plaintiff has been permanently deprived of the use and enjoyment of much of her investment all to her damage in an amount in excess of $10,000.

40.  That Defendants' conduct constitutes a conversion of Plaintiff's personal property.

41.  The aforementioned acts of Defendants were willful, fraudulent, oppressive, and malicious entitling Plaintiff to an award of punitive damages in an amount to be determined at trial.

42.  Because of Defendants' conduct, Plaintiff has been required to retain the services of an attorney in order to prosecute this section, and therefore, are entitled to an award of reasonable attorney's fees and costs of suit incurred herein.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

43. Plaintiff incorporates by reference all previous allegations set forth above as if more fully set forth herein.

44. As a result of the Defendants' conduct, Defendants obtained the use and benefits of Plaintiff's investment monies all which were acquired as a result of Defendants fraud and conversion, Plaintiff was not entitled to the use and benefits of her investment.

45. Despite Defendants' knowledge that they were not entitled to such benefits and uses, Defendants failed and refused to reimburse Plaintiff for her losses.

46. That unless Defendants reimburse Plaintiff for losses incurred as a result of Defendants' fraudulent activity and conversions, Defendants will be unjustly enriched to the detriment of Plaintiff.

47. Because of the Defendants' conduct, Plaintiff has been required to retain the services of an attorney in order to prosecute this action, and therefore, are entitled to an award of reasonable attorney's fees and costs of suit incurred herein.

## FIFTH CAUSE OF ACTION
### (Constructive Trust)

48. Plaintiff incorporates by reference all previous allegations set forth above as if more fully set forth herein.

49. By reason of the Defendants' fraudulent and wrongful conduct, as described in this Complaint, and to prevent them from being unjustly enriched thereby, a constructive trust arose in favor of Plaintiff with respect to the proceeds of Defendants' wrongful activity, conversions and breaches of fiduciary duty.

50. The Defendants have a duty to (1) transfer and deliver to Plaintiff all of their interest in the proceeds of their wrongful activity, conversions and breaches of fiduciary

duty and (ii) account to Plaintiff for the fair value of those proceeds, together with all income relating thereto.

51. Plaintiff has no adequate remedy at law.

52. Because of the Defendants' conduct, Plaintiff has been required to retain the services of an attorney in order to prosecute this action, and therefore, are entitled to an award of reasonable attorney's fees and cost of suit incurred herein.

### SIXTH CAUSE OF ACTION
(Failure to Supervise)

53. Plaintiff incorporates by reference all previous allegations set forth above as if more fully set forth herein.

54. That Defendants LPL FINANCIAL, LLC, FINANCIAL INDEPENDENCE GROUP, and/or certain DOE Defendants, had a duty to reasonably supervise the activities of Defendant RICHARD LEWIS, and/or certain DOE Defendants.

55. That Defendants failed to reasonably supervise the activities of their employees, agents and/or servants, so as to allow Defendant RICHARD LEWIS, and/or certain DOE Defendants to churn Plaintiff's IRA account, all to Plaintiff's damage in an amount in excess of $10,000.00.

56. Because of the Defendants' conduct, Plaintiff has been required to retain the services of an attorney in order to prosecute this action, and therefore, are entitled to an award of reasonable attorney's fees and cost of suit incurred herein.

### SEVENTH CAUSE OF ACTION
(Breach of Covenant of Contract)

57. Plaintiff incorporates by reference all previous allegations set forth above as if more fully set forth herein.

58. Defendants made various representations, warranties and promises

("agreements") regarding the investments that would take place in Plaintiff's IRA account.

59.     Defendants failed to meet their obligations to follow those representations, warranties and promises and in so doing, breached the "agreements" with Plaintiff.

60.     As a result of Defendants' breach of contract, Plaintiff has suffered damages in excess of $10,000.00.

61.     It has been necessary for Plaintiff to engage the services of an attorney to commence this action and are, therefore, entitled to reasonable attorneys' fees and costs.

### EIGHTH CAUSE OF ACTION
(Breach of Covenant of Good Faith and Fair Dealing)

62.     Plaintiff incorporates by reference all previous allegations set forth above as if more fully set forth herein.

63.     Defendants owed the Plaintiff an implied covenant to act in good faith and deal fairly.

64.     Defendants have breached their covenant of good faith and fair dealing owed to Plaintiff.

65.     As a proximate cause of the aforementioned wrongful conduct of Defendants, Plaintiff has suffered damages in excess of $10,000.00.

66.     It has been necessary for Plaintiff to engage the services of an attorney to commence this action and are, therefore, entitled to reasonable attorneys' fees and costs.

67.     Defendants' conduct described herein was intended by them to cause injury to Plaintiff and/or was conduct carried on by Defendants with a willful and conscious disregard of Plaintiff's rights and constitutes malice, oppression, or fraud pursuant to NRS 42.005 thereby entitling Plaintiff to punitive and/or exemplary damages in an amount appropriate to punish or set an example of Defendants.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of

them, as follows:

    1.    For general/compensatory damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00);

    2.    For punitive damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00);

    3.    For reasonable attorneys' fees and all costs of suit; and

    4.    For such other and further relief as the Court deems just and proper under the circumstances.

DATED this 4th day of October, 2013.

DAY & NANCE

By _____
STEVEN L. DAY, ESQ.
Nevada Bar No. 3708
JAMES R. NANCE, ESQ.
Nevada Bar No. 9878
1060 Wigwam Parkway
Henderson, NV 89074
*Attorneys for Plaintiff*